IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ETHAN JEROME MOORE,**

       **Petitioner,**

v.                                        **Case No. 5:20-cv-00857**

**D.L. YOUNG,**

       **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner Ethan Jerome Moore's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF Nos. 1, 19). Respondent filed responses to the petition requesting that it be dismissed. (ECF Nos. 11, 22). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**; Respondent's request for dismissal be **GRANTED**; and this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.    Factual and Procedural History**

In 1999, this Court imposed a life sentence upon Petitioner's guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and

924(e)(1). (ECF No. 11-1). The conviction resulted from Petitioner breaking into his estranged wife's residence, stealing a revolver, embarking on a violent spree that left two people with gunshot wounds to the head, and stopping only after the arresting officer fired on and wounded Petitioner several times. *United States v. Moore*, 2000 WL 1283054, at *1 (4th Cir. 2000).

Petitioner filed a direct appeal, which was ultimately denied by the Supreme Court of the United States ("Supreme Court"). *Moore v. United States*, 121 S. Ct. 1426 (2001). He also filed several unsuccessful motions under 28 U.S.C. § 2255, as well as a petition under 28 U.S.C. § 2241, which the Court determined did not satisfy the "savings clause" in 28 U.S.C. § 2255(e) and dismissed as an unauthorized successive § 2255 motion. *Moore v. Ziegler*, No. 5:11-CV-00521, 2013 WL 2297048, at *2, 7 (S.D.W. Va. May 24, 2013), *aff'd,* 547 F. App'x 204 (4th Cir. 2013).

On December 16, 2020, Petitioner filed the instant § 2241 petition based on the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF Nos. 1, 2). Petitioner asserts that his conviction is no longer valid, because the government failed to establish all essential elements of the crime of conviction as set forth in *Rehaif*. Petitioner acknowledges that claims attacking the validity of a conviction typically must be brought in a motion under 28 U.S.C. § 2255. However, Petitioner believes his claim can be considered under § 2241, because he meets the savings clause exception found at § 2255(e).

Respondent opposes the petition on the ground that this Court lacks jurisdiction to consider the petition because it does not fall within the savings clause. Respondent posits that Petitioner must bring his challenge in a § 2255 motion as he fails to satisfy all of the requirements to proceed under § 2241. In particular, Respondent argues, Petitioner

2

cannot demonstrate that the conduct for which he was convicted is no longer criminal, as required by the savings clause. (ECF No. 11 at 1). Therefore, Petitioner's petition is not cognizable under § 2241 and must be dismissed. (*Id.*).[1] In reply, Petitioner maintains that he can satisfy the savings clause due to *Rehaif*. (ECF No. 17). Petitioner filed an addendum to his §2241 petition to which Respondent responded, but Petitioner withdrew the claim presented in the addendum and proceeds only on the *Rehaif* claim. (ECF Nos. 19, 22, 24).

## II.     Standard of Review

Respondent asserts that the Court should dismiss the petition under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction. (ECF No. 11 at 5). The burden of proving that the Court has subject matter jurisdiction rests with Petitioner because he is the party asserting jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). As Respondent filed a Response concurrently with his motion to dismiss, (ECF No. 11), the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies, and both 12(b) and 12(c) motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings under Rule 12(c), the Court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353

---

[1] Respondent also argues that, even if the Court were able to exercise jurisdiction over the petition, Petitioner's claim would still fail, because the claim is procedurally defaulted, and Petitioner cannot show actual innocence or cause and prejudice necessary to allow a review on the merits. As the Court clearly lacks jurisdiction over the petition, this argument need not be addressed.

(4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted); *see also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that the court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Walker*, 589 F.3d at 139.

### III. Discussion

As stated, Petitioner argues that his conviction should be vacated based on *Rehaif*. In *Rehaif,* the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Petitioner asserts that the government failed to establish that Petitioner knew he belonged to a category of persons prohibited from possessing a firearm.

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal conviction. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an

additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333 (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241).

The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, or simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001). Rather, in the context of a challenge to the validity of a conviction, the savings clause creates a narrow opening for a petitioner to file a § 2241 petition when his claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

Petitioner concedes that his claim must be asserted in a motion under § 2255 unless he can show that the savings clause applies to his petition. Satisfaction of the savings clause requirements is jurisdictional. Thus, if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

With respect to the first prong of the *In re Jones* test, when Petitioner was convicted, settled law of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") established the legality of his conviction. *Griffin v. Young*, No. 5:19-CV-00733, 2021 WL 4100349, at *4 (S.D.W. Va. Aug. 12, 2021), *report and recommendation adopted,* 2021 WL 4108601 (S.D.W. Va. Sept. 8, 2021) (citing *United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) ("The Court's holding in *Rehaif* abrogated the prior precedent of this Circuit, which did not require proof of a defendant's knowledge that he belonged to the relevant category") and *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995)). Furthermore, as to the third prong of the *In re Jones* test, Petitioner does not satisfy the gatekeeping provisions of § 2255 because the rule announced in *Rehaif* is not one of constitutional law. *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) ("The rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.') (internal citations omitted).

However, to meet the second prong of *In re Jones*, Petitioner must establish three elements: (1) that *Rehaif* announced a new rule of substantive law; (2) that the change of law occurred after his appeal and first § 2255 motion; and (3) that the conduct of which he was convicted is now deemed not to be criminal. Petitioner cannot establish these elements because the Supreme Court's decision in *Rehaif* did not decriminalize the underlying conduct for which Petitioner was charged and convicted. A number of district

6

courts within the Fourth Circuit have concluded that *Rehaif* did not announce a new rule of substantive law, and the conduct of being a felon in possession of a firearm is still a valid criminal offense. *See, e. g., Rich v. Warden*, No. CR RDB-08-438, 2021 WL 5957842, at *5 (D. Md. Dec. 16, 2021) ("Since Petitioner cannot show that the law has changed such that the conduct underlying his conviction is no longer illegal, he has not met the requirements of the savings clause."); *Medlyn v. Warden F.C.I. Bennettsville*, No. CV 2:20-2119-RMG, 2021 WL 4502667, at *2 (D.S.C. Oct. 1, 2021) ("Petitioner cannot satisfy the second element of the savings clause test to petition under § 2241 because *Rehaif* is not a substantive change in the law that rendered the conduct for which Petitioner was convicted not criminal."); *Griffin*, 2021 WL 4100349, at *4–5 (collecting cases). Moreover, Petitioner explicitly stated to the Court during his plea hearing that he knew that he was "not to have a firearm" at the time that he possessed it, and he was previously convicted of felonies, including second degree murder for which he was imprisoned for approximately six years and a federal drug charge that carried a sentence of over one year.  (ECF Nos. 11-1 at 5-7, 9; 11-2 at 16-18).

Furthermore, even assuming that there was any error under *Rehaif*, it was not a structural error, but rather a "discrete defect in the criminal process," which does not automatically require reversal of the conviction. *Greer v. United States*, 141 S. Ct. 2090, 2099-100 (2021). To succeed on an appellate claim under *Rehaif,* the defendant must show more than just a plain error; that being, that the Government failed to prove the defendant's knowledge of his felon status. In addition to plain error, the defendant must also make an adequate showing that he would have presented evidence in the district court to establish that he did not know he was a felon, and that the *Rehaif* error affected his "substantial rights"—in other words, that there was a reasonable probability that the

7

outcome of the district court proceeding would have been different if not for the *Rehaif* error. If the defendant satisfies those three elements, the appellate court may grant relief only if it concludes "that the error had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Id*. at 2093.

When a defendant has been convicted of a crime punishable by a sentence in excess of one year, evidence of such a conviction is "strongly suggestive" of the knowledge-of-status element. *Id*. at 2097-97 (holding that a history of multiple felony convictions is substantial evidence that the defendant knew he was a felon). Furthermore "if a defendant was in fact a felon, it [would] be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different." *Id*. at 2097. In this case, the Court considered that Petitioner had multiple prior felony convictions, including second degree murder. (ECF No. 11-1 at 6). Consequently, had Petitioner been in a position to raise the *Rehaif* error on appeal or in a § 2255 motion, it is unlikely that his challenge would have been successful.

For those reasons, the undersigned **FINDS** that Petitioner satisfies the first and third prongs of the *Jones* test, but simply cannot meet the second prong, which requires him to show that "the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal." *In re Jones*, 226 F.3d at 333–34. Given that Petitioner's claim is not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine

whether the transfer of a § 2255 motion is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Here, Petitioner cannot meet the gatekeeping provisions of § 2255. Therefore, the undersigned **FINDS** that the interest of justice would not be served by construing the petition as a motion under § 2255. Instead, this action should be dismissed outright for failure to state a cognizable claim under § 2241.

### IV. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; Respondent's request for dismissal, (ECF Nos. 11, 22), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** January 5, 2022

Cheryl A. Eifert
United States Magistrate Judge