UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ETHAN JEROME MOORE,

     Petitioner,

v.                                 CIVIL ACTION NO. 5:20-cv-00857

D.L. YOUNG,

     Respondent.

**MEMORANDUM OPINION AND ORDER**

     Pending is Petitioner Ethan Jerome Moore's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Doc. 1], and Respondent D.L. Young's Motions to Dismiss, [Docs. 11, 22].

**I.**

     On November 23, 1999, Mr. Moore plead guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). [Doc. 11-1]. Mr. Moore had been convicted of multiple felonies. [Doc. 11-2]. In fact, before this conviction, he had already served sentences longer than a year. [*Id.*] At the time of his conviction, our Court of Appeals required the United States to prove that Mr. Moore knowingly possessed a firearm and that he had previously been convicted of a crime punishable by more than one year of incarceration. On June 21, 2019, the Supreme Court decided *Rehaif v. United States*, which held that a § 922(g) conviction required that the defendant knowingly possessed the firearm but also knew he was a member of a prohibited

class of persons. 139 S. Ct. 2191, 2200 (2019). Mr. Moore now challenges his conviction on *Rehaif* grounds.

      This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on January 5, 2022. Magistrate Judge Eifert recommended that the Court deny Mr. Moore's Petition for a Writ of Habeas Corpus, grant Respondent's Motion to Dismiss, and dismiss this matter and remove it from the Court's docket. Mr. Moore filed a Motion for Extension of Time to File Objections, [Doc. 26], which was granted, [Doc. 27]. Mr. Moore then filed objections to the PF&R. [Doc. 29].

## II.

      The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

2

## III.

**A.**  *Objection One and Two*

Mr. Moore objects to Magistrate Judge Eifert's finding that he has not met the *In re Jones* requirements. Specifically, Magistrate Judge Eifert found that Mr. Moore "satisfies the first and third prongs of the *Jones* tests, but simply cannot meet the second prong, which requires him to show that 'the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal.'" [Doc. 25 at 8 (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)]. Mr. Moore objects "to the contention that the decision in *Rehaif* did not decriminalize [his] underlying conduct." [Doc. 29 at 5].

"Federal prisoners generally must use the remedy-by-motion mechanism provided in 28 U.S.C. § 2255 to challenge their convictions or sentences." *Marlowe v. Warden, Fed. Corr. Inst. Hazelton*, 6 F.4th 562, 568 (4th Cir. 2021) (quoting *Farkas v. Warden, FCI Butner II*, 972 F.3d 548, 554 (4th Cir. 2020); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "Congress has provided one exception to this general rule. Section 2255(e)'s savings clause permits a prisoner to file a traditional Section 2241 habeas petition if it 'appears that the [Section 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Marlowe*, 6 F.4th at 568 (quoting 28 U.S.C. § 2255(e)) (alterations in original). While § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Rather, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d at 333 (stating that in "a limited number of circumstances," § 2255 is inadequate to test

3

the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241).

Our Court of Appeals has adopted a three-part test for determining when the savings clause applies. That test provides that § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *In re Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 72 (4th Cir. 2001); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014). Satisfaction of the savings clause requirements is jurisdictional. Thus, if the provision does not apply, this Court has no authority to hear the petitioner's claim. *United States v. Wheeler*, 886 F.3d 415, 425 (4th Cir. 2018).

Magistrate Judge Eifert correctly concluded that Mr. Moore satisfied the first and third *In re Jones* requirements. Mr. Moore insists the second requirement is also satisfied inasmuch as he "showed that the settled law of the Fourth Circuit in *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) did in fact change when the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) rendered an interpretation of 18 U.S.C. § 922(g) that virtually every circuit[,] including [the Fourth Circuit in] *Langley*[,] rejected." [Doc. 29 at 3 (internal citations omitted)]. Mr. Moore further contends that because *Rehaif* requires the proof of an additional element, it effectively makes his admitted conduct noncriminal under § 922(g).

4

To satisfy the second *In re Jones* requirement, Mr. Moore must show that (1) *Rehaif* announced a new rule of substantive law; (2) the change of law occurred after his appeal and first § 2255 motion; and (3) the conduct of which he was convicted is now deemed not to be criminal. *In re Jones*, 226 F.3d at 333.

Courts in this Circuit have held that *Rehaif* did not change the substantive law because the underlying conduct is still illegal. *E.g.*, *Moore v. Streeval*, No. 7:20-cv-00551, 2021 WL 4269481, at *3 (W.D. Va. Sept. 20, 2021) (finding that the second *In re Jones* requirement was not met where the Petitioner claimed "he was not aware of the element recognized in <u>Rehaif</u> requiring the government prove that [he] knew of his prohibited status at the time" and noting "several courts within the Fourth Circuit have held that <u>Rehaif</u> did not change substantive law because the conduct for which the petitioner was convicted is still illegal") (internal citations omitted); *Pratt v. Hudgins*, No 3:19-cv-00162, 2020 WL 2477963, at *11 (N.D.W. Va. Apr. 17, 2020) ("The crime Petitioner was convicted of committing—being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is still a violation of law. Therefore, Petitioner cannot satisfy the second prong of *Jones*."), adopted by 2020 WL 2475807 (N.D.W. Va. May 13, 2020), *aff'd by* 858 F. App'x 65 (4th Cir. 2021); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*.").

Mr. Moore contends that in *In re Jones* our Court of Appeals engaged in an analysis comparing the underlying conduct against the elements of the crime, and, because the conduct did not match the elements of the statute, it found that the conduct was not criminal. He then contends that this Court, if it were to engage in the same analysis, would find that his conduct is no longer prohibited by § 922(g).

This reasoning is unpersuasive. *Rehaif* did not change the scope of the criminal offense so as to decriminalize Petitioner's underlying conduct. It merely clarified the elements of the offense. Moreover, Magistrate Judge Eifert found that his admitted conduct is still squarely within the scope of § 922(g). This forms the basis of Mr. Moore's second objection.

Mr. Moore's second objection is to the "contention that he admitted to the Court that he was aware of his prohibited status at the relevant time." [Doc. 29 at 9]. He asserts that, at the time of his plea, he was asked "whether he knew that he was not supposed to have *the firearm that he possessed during the offense*." [Doc. 29 at 9 (emphasis added)]. He contends that he answered affirmatively "because he knew that he had forcibly taken the firearm from his brother in law." [*Id.*]. Mr. Moore maintains that "[he] was in no way admitting that he was not supposed to have the firearm because of his prohibited status. Rather, it was because he knew that he obtained the firearm through an unlawful means." [*Id.*].

To reach this conclusion would require a tortured reading of the transcript. At his plea agreement, the Court read § 922(g)(1) to Mr. Moore. [Doc. 11-1 at 7]. It also outlined the elements of the crime at the time of the plea, which included that he intentionally possessed the firearm and that he had been convicted of an offense that carried a term of imprisonment for a period exceeding one year. [*Id.*]. After reading the definitions for the § 922 and referencing Mr. Moore's previous felonies, the Court asked Mr. Moore if he "condiser[ed] [himself] guilty of being -- or having possession of *a* working firearm after having been convicted of those crimes." [*Id.* at 8 (emphasis added)]. Mr. Moore answered affirmatively. [*Id.*]. At this juncture, the Court had made pointed statements about Mr. Moore's status as a prohibited person, including reading the indictment against him that specifically referenced his prior felony convictions. At no point before

Mr. Moore summarized his criminal conduct was there any mention of the unlawful way he obtained possession of the firearm. [*See id.*].

Inasmuch as Mr. Moore's underlying conduct is still criminal and the record reflects that Mr. Moore admitted to the conduct required post-*Rehaif*, the Court **OVERRULES** Mr. Moore's objections. Satisfaction of the *In re Jones* requirements is jurisdictional, so Mr. Moore's failure to meet the second prong of *Jones* is dispositive in this case. *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660 (N.D.W. Va. Jan. 29, 2020) ("Consequently, because petitioner attacks the validity of his conviction and fails to establish that he meets the *Jones* requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction." (citing *Rice*, 617 F.3d at 807)). Moreover, as discussed below, Mr. Moore's additional objection lacks merit.

**B.     *Objection Three***

Mr. Moore's final objection is to the "contention that the error in this case would not require reversal of the conviction." [Doc. 29 at 10]. The question is whether Mr. Moore is entitled to plain-error relief under *Federal Rule of Criminal Procedure 52*. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *see also Greer v. United States*, 141 S. Ct. 2090, 2096 (2021) (reviewing for plain error pre-*Rehaif* convictions where the petitioners claimed the *Rehaif mens rea* element invalidated their convictions).

Mr. Moore must satisfy three threshold requirements to establish eligibility for plain-error relief. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018). First, there

must be an error. *Id.* Second, the error must be plain. *Id.* Third, "the error must affect 'substantial rights,' which generally means that there must be 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Greer*, 141 S. Ct. at 2096 (quoting *Rosales-Mireles*, 138 S. Ct. at 1904–05). "[The petitioner] has the burden of showing that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a 'reasonable probability' that he would not have pled guilty." *Id.* at 2097 (quoting *Dominguez Benitez*, 542 U.S. at 83).

Mr. Moore is able to satisfy the first two elements: There was an error, and it was plain. He has not, however, shown the error affected his substantial rights. Because Mr. Moore did not raise this constitutional attack on his conviction on direct appeal, to warrant reversal of his conviction, Mr. Moore must show actual innocence or cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" (internal citations omitted)). Mr. Moore can show neither.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Mr. Moore must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). Mr. Moore contends that had he been informed of the *mens rea* element, he would not have plead guilty to the offense, rather choosing to go to trial and present evidence that he mistakenly believed his civil rights had been restored after he completed probation. [Doc. 29 at 12]. While *Rehaif* did not alter the 'well-known maxim that ignorance of the law (or mistake of law) is no excuse," *United States v. Robinson*, 982 F.3d 1181, 1187 (8th Cir. 2020), it did note that

"[this] maxim does not normally apply where a defendant 'has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct,' thereby negating an element of the offense," *Rehaif*, 139 S. Ct. at 2198 (internal citation omitted). !

 Mr. Moore states in his objections that had his "mistaken belief that his civil rights were restored after completion of his probation would have served as a valid defense to the § 922(g) charge. [Doc. 29 at 12]. This is insufficient. Mr. Moore actively served prison sentences longer than one year, giving rise to the presumption that he knew he was a felon. *Greer*, 141 S. Ct. at 2097 ("If a person is a felon, he ordinarily knows he is a felon."); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("Caldwell had, on several occasions, served sentences longer than a year—including two stints of more than five years each in federal prison—making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences."); *Lunsford v. United States*, No. 1:18-CR-390, 2021 WL 6126989, at *3 (M.D.N.C. Dec. 28, 2021) ("There is overwhelming evidence that Mr. Lunsford knew he had been convicted of crimes punishable by over a year in prison because he served an active sentence in prison of over a year."). Moreover, Mr. Moore provides no reason why he believed that finishing his probation restored his civil rights. While Mr. Moore's assertions are evidence that he would not have been convicted, they alone are not sufficient evidence for the Court to say that it is not more likely than not that "no reasonable juror would have convicted him." *See Bryant v. United States*, No. CV-546, 2021 WL 5908927, at *5 (M.D.N.C. Dec. 14, 2021).

 Likewise, Mr. Moore cannot show cause and actual prejudice stemming from the *Rehaif* error. To show actual prejudice, Mr. Moore must show that errors in the proceedings worked to his actual and substantial disadvantage and were of constitutional dimension; it is

insufficient to show the mere possibility of prejudice. *United States v. Frady*, 456 U.S. 152, 170 (1982); *Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021). Mr. Moore's post hoc denial of the required knowledge, especially when it is contradictory to the statements made on the record discussed *supra*, is insufficient to show that the proceedings would have been more favorable to him if the government had been required to offer proof that he knew he was a prohibited person under § 922(g).

For those reasons, Mr. Moore can show neither actual innocence nor prejudice caused by the *Rehaif* error. Accordingly, the Court **OVERRULES** Mr. Moore's final objection.

## IV.

For the reasons discussed above, the Court **OVERRULES** the Objections [Doc. 29], **ADOPTS** the PF&R [Doc. 25], **GRANTS** Respondent's Motions to Dismiss [Doc. 11, 22], and **DISMISSES** Mr. Moore's Petition [Doc. 1].

The Clerk is directed to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: March 7, 2022



Frank W. Volk
United States District Judge